Zachary M. Best, SBN 166035
MISSION LAW FIRM, A.P.C.
332 North Second Street
San Jose, California 95112
Telephone (408) 298-2000
Facsimile (408) 298-6046
E-mail: service@mission.legal

Attorneys for Plaintiff
Dan Sofes

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

DAN SOFES,

    Plaintiff,

vs.

CITY OF SAN JOSE,

    Defendant.

No.

**COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES FOR VIOLATION OF TITLE II OF THE AMERICANS WITH DISABILITIES ACT AND THE CALIFORNIA UNRUH CIVIL RIGHTS ACT**

Plaintiff, Dan Sofes ("Plaintiff"), complains of defendant, City of San Jose ("Defendant"), and alleges as follows:

## I. PARTIES

1. Plaintiff is a resident of the city of Campbell, California, whose minor son is substantially limited in his ability to walk. Consequently, Plaintiff's son is "physically disabled," as defined by all applicable California and United States laws. Plaintiff's son frequently accompanies Plaintiff on visits to various public accommodations which must therefore be accessible to the disabled if Plaintiff himself is to have access to them.

2. Defendant is a public entity and a municipality located in Santa Clara County, California. It owns, operates, and/or maintains the public parking lot serving the SAP Center, located at 525 West Santa Clara Street in San Jose, California ("the Parking Lot").

## II. JURISDICTION

3. This Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1343 for violations of Title II of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq*.

4. Supplemental jurisdiction for claims brought under parallel California law – arising from the same nucleus of operative facts – is predicated on 28 U.S.C. § 1367.

## III. VENUE

5. The real property which is the subject of this action is located within the jurisdiction of the United States District Court, Northern District of California, and venue is invoked pursuant to 28 U.S.C. § 1391(b).

## IV. FACTS

6. On or about September 24, 2016, Plaintiff and his wife and disabled son visited the SAP Center for an event and parked in the Parking Lot. On that occasion, Plaintiff and his son encountered barriers to access at the Parking Lot which interfered with, if not outright denied, Plaintiff's ability to use and enjoy the goods, services, privileges and accommodations offered at the Facility on account of his son's disability. Specifically, Plaintiff parked in a designated accessible parking stall in the Parking Lot so that his son would not have to travel a long distance to the SAP Center entrance. The stall was too narrow and there was another car parked in the stall to the right of it, so it was difficult for Plaintiff to park leaving enough space on the side of his vehicle for his son to get out, requiring that he park as far to the left as possible. Upon returning to his vehicle after the event, Plaintiff found that he had received a parking citation requiring that he pay a fine. The ticket alleged that Plaintiff's vehicle had been parked with its left wheels overlapping the access aisle adjacent to his parking stall, although Plaintiff was not aware of having done so at the time. However, had the parking stall provided the proper width, it would not have been difficult for Plaintiff to park within the designated stall lines and still allow for his son to unload from the vehicle.

7. Plaintiff lives less than ten miles from the Parking Lot and SAP Center. He and his son enjoyed the event at SAP Center, anticipate attending future events at SAP Center, and intend to return to SAP Center and park in the Parking Lot when it is made accessible to them.

8. The Parking Lot and the public parking service it provides is a program, service and activity offered by Defendant to the general public.

9. On information and belief, there are other access barriers and discriminatory policies that relate to Plaintiff's son's disabilities such that they exclude and deter Plaintiff, his son, and others similarly situated from enjoying full and equal access to the programs, services and activities offered by Defendant to the general public at the Parking Lot. The extent of these additional barriers will be made known after a full inspection of the Parking Lot, and if necessary, reflected in an amendment of Plaintiff's Complaint.

10. On information and belief, the Parking Lot was constructed and/or altered since January 26, 1993.

11. As the result of Defendant's acts and omissions, as herein described, Plaintiff was, and continues to be, denied full and equal access to the programs, services and activities offered to the public in and about the Parking Lot on account of his son's disability, and he has suffered discrimination, humiliation, frustration, embarrassment, fear, pain, difficulty and discomfort, all to his damage.

12. The nature of Defendant's discrimination constitutes an ongoing violation, and unless enjoined by this Court, will result in ongoing and irreparable injury to Plaintiff, his son, and other similarly situated persons with disabilities.

## V.  GOVERNMENT CLAIM FILED

13. Plaintiff timely filed a claim pursuant to California Government Code section 910 with the City of San Jose on or about February 3, 2017, which claim was deemed rejected on March 20, 2017 by operation of law.

## VI.  FIRST CLAIM

**Title II of the Americans with Disabilities Act of 1990**

**42 U.S.C. § 12131,** *et seq.*

14. Plaintiff re-pleads and incorporates by reference the allegations contained in each of the foregoing paragraphs, and incorporates them herein as if separately re-pled.

///

15. Title II of the ADA provides in pertinent part: "[N]o qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. Title II's enforcement provision states that Title II's rights and remedies "shall be the remedies, procedures, and rights this subchapter provides to *any person* alleging discrimination on the basis of disability..." 42 U.S.C. § 12133 (emphasis added). Further, Title II's implementing regulations provide that "[a] public entity shall not exclude or otherwise deny equal services, programs, or activities to an individual or entity because of the known disability of an individual with whom the individual or entity is known to have a relationship or association." 28 C.F.R. § 35.130(g).

16. At all times relevant to this action, Defendant was a "public entity" within the meaning of Title II of the ADA, and provided programs, services and/or activities to the general public at the Parking Lot.

17. Plaintiff's son is, and at all times relevant herein was, a "qualified individual with a disability" within the meaning of Title II of the ADA, and meets the essential eligibility requirements for the receipt of the services, programs, or activities offered by Defendants at the Parking Lot.

18. To be considered accessible, a parking lot must contain accessible parking stall(s) which each must, among other requirements, be at least 96 inches wide minimum. Americans with Disabilities Act Accessibility Guidelines, 28 C.F.R. Part 36, App. A ("ADAAG"), §§ 4.1.2(5)(a) and 4.6.3. The designated accessible parking stalls at the Parking Lot did not provide the required minimum width.

19. The duties to make the Parking Lot accessible to Plaintiff and Plaintiff's son enumerated herein were mandatory duties held by Defendant. Defendant is deemed to have knowledge of these duties.

20. Defendant's acts and omissions as herein alleged have excluded and/or denied Plaintiff the benefit of and/or participation in the programs and activities it offers to members of the public at the Parking Lot, in violation of Title II of the ADA and its implementing

1  regulations. Specifically, Plaintiff was denied full and equal access to the Parking Lot on
2  account of his son's disabilities.

3      21.    On information and belief, to the date of the filing of this Complaint, Defendant
4  has failed to make the Parking Lot accessible to and useable by persons with disabilities, as
5  required by law, and has failed to maintain existing facilities in a properly accessible condition.

6      22.    Plaintiff requests that an injunction be issued requiring that Defendant make the
7  Parking Lot accessible to and useable by persons with disabilities who have mobility
8  impairments, and to maintain the Parking Lot in an accessible condition.

## VII.   SECOND CLAIM

### California Unruh Civil Rights Act

### California Civil Code § 51, *et seq*.

12      23.    Plaintiff re-pleads and incorporates by reference the allegations contained in
13  each of the foregoing paragraphs, and incorporates them herein as if separately re-pled.

14      24.    California Civil Code § 51 (the Unruh Civil Rights Act) states, in part, that: All
15  persons within the jurisdiction of this state are entitled to the full and equal accommodations,
16  advantages, facilities, privileges, or services in all business establishments of every kind
17  whatsoever.

18      25.    California Civil Code § 51.5 also states, in part that: No business establishment
19  of any kind whatsoever shall discriminate against any person in this state because of the
20  disability of the person.

21      26.    The Parking Lot is a business establishment which is open to the public and
22  provides services to the public.

23      27.    California Civil Code § 51(f) specifically incorporates (by reference) an
24  individual's rights under the ADA into the Unruh Act Civil Rights Act.

25      28.    Defendant's aforementioned acts and omissions denied the physically disabled
26  public – including Plaintiff's son – full and equal accommodations, advantages, facilities,
27  privileges and services in a business establishment (because of their physical disability), in
28  violation of the ADA, which is therefore a violation of the California Unruh Civil Rights Act.

29. Defendant's failure to provide Plaintiff full and equal access to the Parking Lot on account of his son's disability caused Plaintiff difficulty, discomfort and embarrassment, all to Plaintiff's damage.

30. These acts and omissions (including the ones that violate the ADA) denied, aided or incited a denial, or discriminated against Plaintiff by violating the Unruh Act.

31. Plaintiff was damaged by Defendant's wrongful conduct, and seeks statutory minimum damages of four thousand dollars ($4,000) for each offense.

32. Plaintiff also seeks to enjoin Defendant from violating the Unruh Act (and the ADA), and recover reasonable attorneys' fees and costs incurred under California Civil Code § 52(a).

## VIII.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays judgment against Defendant for:

1. Injunctive relief, preventive relief, or any other relief the Court deems proper.
2. Statutory minimum damages under section 52(a) of the California Civil Code according to proof.
3. Attorneys' fees, litigation expense, and costs of suit.[1]
4. Interest at the legal rate from the date of the filing of this action.
5. For such other and further relief as the Court deems proper.

Dated:   April 12, 2017                MISSION LAW FIRM, A.P.C.

*/s/ Zachary M. Best*
Zachary M. Best
Attorneys for Plaintiff,
Dan Sofes

---

[1] This includes attorneys' fees under California Code of Civil Procedure § 1021.5.

# VERIFICATION

I, DAN SOFES, am the plaintiff in the above-entitled action. I have read the foregoing Complaint and know the contents thereof. The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe them to be true.

I verify under penalty of perjury that the foregoing is true and correct.

Dated:   April 12, 2017               */s/ Dan Sofes*
                                      Dan Sofes

I attest that the original signature of the person whose electronic signature is shown above is maintained by me, and that his concurrence in the filing of this document and attribution of his signature was obtained.

                                      */s/ Zachary M. Best*
                                      Zachary M. Best, Attorney for
                                      Plaintiff, Dan Sofes